### HAGLIN *v.* OAKLEY.

### Opinion delivered June 30, 1924.

LANDLORD AND TENANT—WAIVER OF RENTS.—Where a room and hall were leased separately from the main part of a hotel of which they were a part, and both leases were acquired by the appellee, the fact that the landlord accepted rent under the lease for the hotel proper, without demanding rent from the segregated portion of the building, did not waive his right to collect the rents on the latter.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; reversed.

*Hill & Fitzhugh,* for appellant.

The court erred in not rendering a judgment for the plaintiff. A waiver, to be binding, must either operate by way of estoppel or be supported by a valuable consideration. 72 Ark. 525. 27 R. C. L. 910; 40 Cyc. 267.

*Cravens & Cravens,* for appellee.

Every one is required to take advantage of his rights at the proper time, and a neglect to do so will be considered a waiver. 83 Fed. 684; 37 N. E. 540. A waiver takes place where a man dispenses with the performance of something which he has a right to exact. 36 Pac. 434.

HUMPHREYS, J.   This is a suit by appellant against appellee for rent upon a large room in the rear end of the Haglin Hotel in Fort Smith and a hall or tunnel leading from Garrison Avenue, the main street in Fort Smith, back to said room, from November 18, 1920, until March 23, 1922, at the rate of $75 per month.   This particular part of the hotel was not included in the original lease for the hotel proper, but was covered by a separate lease, which expired on November 18, 1920, with the privilege of renewal.   On September 3, 1918, appellant leased the main part of the hotel, which had another entrance or rotunda from Garrison Avenue, to Messrs. Shipley and Sossman.   Shipley bought out Sossman, and, on November 18, 1919, leased the tunnel and back room from appellant for $75 per month.   On January 19, 1920, appellee bought out Shipley, and assumed both leases under written contract with Shipley and appellant, to the effect that he might relinquish the tunnel and said room on November 18, 1920, and be released from the rental thereon after that date, with the privilege to appellant, in case he released said tunnel and room, to rent them out for a confectionery store, barber shop, or a real estate office.   Appellee paid the rent on the tunnel and room until November 18, 1920.

The only issue presented by the pleadings and testimony was whether appellee surrendered the possession of the tunnel and room on November 18, 1920, to appellant, or whether he held over by using them himself, or prevented appellant from renting them to other parties.

Appellant introduced testimony tending to show that appellee used the tunnel and room between the dates of November 18, 1920, and March 23, 1922, just as he had done before, and that he refused to pay rent or allow appellant to rent them to others when requested to do so.

Appellee introduced testimony tending to show that he surrendered this particular part of the hotel to appellant on November 18, 1920, and did not use or prevent appellant from renting same after that time, and that

appellant made no demand for rent thereon after same was surrendered to him.

In submitting the issue the court gave the following erroneous and misleading instruction to the jury, over the objection and exception of appellant:

"If you find that the plaintiff, Edward Haglin, leased to the defendant, S. Oakley, or allowed to be sublet to him, the property known as the Haglin Hotel building, in the city of Fort Smith, in which is located the hallway and room in the rear thereof for which rent is sought to be recovered, and that said S. Oakley continued to occupy said property until March, 1922, and that the plaintiff, Edward Haglin, accepted and received from said S. Oakley rent on the other part of the Haglin Hotel building, not including the hallway and room in controversy, and, in so receiving the rent for the other part of said building, did not claim or demand from the defendant, S. Oakley, any rent on the hallway or room in the rear thereof, then you are instructed that said plaintiff, Edward Haglin, by such conduct, waived his right, if he had any, to collect rent from the defendant, S. Oakley, for said hallway and room in the rear thereof, and, in this event, your verdict should be for the defendant."

The leases were separate and independent of each other, so the collection of the rent under one of them, without demanding the rent under the other, would not of itself waive the right to collect the rent under the other. It was error to tell the jury that, if appellant accepted rent under the lease for the hotel proper without demanding rent on the room and tunnel, he would thereby waive his right to collect rents on them.

The judgment is therefore reversed, and the cause remanded for a new trial.